# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

TASMA BRIGHTHAUPT, DELORIS EVANS, JOSEPH HAYES, CONSUELA JONES, ODIN MARTINEZ, VERONICA MEJIA,

    Plaintiffs,

v.

NOMI HEALTH, INC., a Delaware Corporation, and SBP STAFFING AND RECRUITING LLC, a Florida Corporation,

    Defendants.

_____/

## COMPLAINT

Plaintiffs, TASMA BRIGHTHAUPT, DELORIS EVANS, JOSEPH HAYES, CONSUELA JONES, ODIN MARTINEZ, VERONICA MEJIA by and through their undersigned counsel, on behalf of themselves as well as all other similarly situated employees, hereby file this complaint against Defendants, NOMI HEALTH, INC. and SBP STAFFING AND RECRUITING LLLC. ("Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action seeking recovery of unpaid overtime compensation owed to Plaintiffs, and all other similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA").

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to the 29 U.S.C. §216.

3. The Plaintiffs, all employees, were misclassified as independent contractors by Defendants. They worked at the Defendants' Covid-19 facilities in the Southern District of Florida. Their primary duties were to perform activities related to COVID-19 such as testing and vaccinations. Plaintiffs, all hourly employees who worked over 40 hours, seek their unpaid overtime compensation. They time period at issue is on or around August 2020 to present. The plaintiffs claim and assert their rights that arose out of their employment relationship with the Defendant for unpaid overtime.

4. Plaintiffs bring this action on behalf of themselves and similarly situated current and former individuals who worked for Defendants in the same job position as Plaintiffs who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C., §216(b). Plaintiffs and putative members of their FLSA Collectives are grouped by job position held while working for Defendant, either as Registered Nurse ("RN Collective") and Emergency Medical Technician ("EMT Collective").

5. Defendants paid each Plaintiff, and the FLSA Collectives, an hourly wage for conducting activities related to COVID-19 such as testing and vaccinations.

6. For each individual within their job position collective, they assert common questions of law and facts namely whether they were misclassified as independent contractors and how much unpaid overtime they are owed. Plaintiffs join together in this action where common questions are present and to promote judicial economy.

## PARTIES

**RN Collective**

7. Each member of the RN Collective worked in the position of Registered Nurse ("RN") during their period of employment with Defendants.

8. Plaintiff Brighthaupt is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Brighthaupt is a covered employee for purposes of the FLSA. Plaintiff Brighthawpt worked in the position of RN from on or around July 25, 2021 through August 20, 2022.

9. Plaintiff Evans is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Evans is a covered employee for purposes of the FLSA. Plaintiff Evans worked in the position of RN from on or around August 2021 to February 2022.

10. Plaintiff Jones is an individual, over the age of 18, living in Cobb County, and is otherwise *sui juris*. Plaintiff Jones is a covered employee for purposes of the FLSA. Plaintiff Jones worked in the position of RN from on or around August 2020 to November 2021.

11. Plaintiff Mejia is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Mejia is a covered employee for purposes of the FLSA. Plaintiff Mejia worked in the position of RN from on or around September 6, 2021 to March 6, 2022.

12. Plaintiffs contend that, in addition to the individuals above, there exist other similarly situated RNs who would wish to opt-in to the RN Collective.

**EMT collective**

13. Each member of the EMT Collective worked in the position of Emergency Medical Technician ("EMT") during their period of employment with Defendants.

14. Plaintiff Hayes is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Hayes is a covered employee for purposes of the FLSA. Plaintiff Hayes worked in the position of EMT from on or around January 8, 2021 to December 15, 2021 .

15. Plaintiff Martinez is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Martinez is a covered employee for purposes of the FLSA. Plaintiff Martinez worked in the position of EMT from on or around April 19, 2021 to February 2022 .

16. Plaintiffs contend that, in addition to the individuals above, there exist other similarly situated EMTs who would wish to opt-in to the EMT Collective.

**Defendants**

17. At all times material hereto, Defendant Nomi Health, Inc. is and was a national Company, authorized to do business and doing business in the state of Florida, with its offices located in the county of Palm Beach County, Florida and otherwise *sui juris*.

18. At all times material hereto, Defendant SBP Staffing and Recruiting LLC is and was, a Florida Company, with a principal address at 936 SW 1st Avenue Miami, FL 33130, and otherwise *sui juris*.

19. Defendants Nomi Health, Inc. and SBP Staffing and Recruiting are Joint Employers of Plaintiffs, and the FLSA Collective, within the meaning of 29 CFR §791.2.

20. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collectives at a rate of time and one half for each hour worked in excess of forty (40) in a workweek.

**JURISDICTION AND VENUE**

21. Jurisdiction in this Court is proper as Plaintiffs' claims are brought pursuant to the FLSA to recover back wages, liquidated damages, interest, reasonable attorney's fees, and costs. Jurisdiction over this action is founded upon 29 U.S.C. §216 (b), FLSA.

22. Defendants are engaged in activities that relate to and involve interstate commerce. Moreover, at all times material hereto, Defendants had annual gross sales in an amount not less than $500,000.00 each. By reason of the foregoing, Defendants were an enterprise "engaged in commerce" as defined by § 203 (r) and (s) of the FLSA.

23. The acts and omissions that give rise to this action occurred in within Miami-Dade and Broward Counties, Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b).

24. All conditions precedent to bringing this action have occurred, been performed, or been excused.

## GENERAL ALLEGATIONS

25. As set out above, at all times material hereto, Plaintiffs, and their FLSA Collectives, were employed by Defendants, received an hourly wage as compensation.

26. Defendants improperly classified Plaintiffs and their FLSA Collectives as independent contractors.

27. Plaintiffs and their FLSA Collectives consistently worked in excess of 40 hours in a given workweek without being compensated at a time-and-a-half rate.

28. Plaintiffs held various positions and dates of employment as follows:[1]

| NAME | POSITION | DATES OF EMPLOYMENT |
|---|---|---|
| Tasma Brighthaupt | RN | July 25, 2021-August 20, 2022 |
| Deloris Evans | RN | August 2021 February 2022 |
| Consuela Jones | RN | August 2020 – November 2021 |
| Veronica Mejia | RN | September 6, 2021-March 6, 2022 |
| Joseph Hayes | EMT | January 8, 2021- December 15, 2021 |
| Odin Martinez | EMT | April 19, 2021- February 2022 |

---

[1] Upon receipt of detailed pay records from Defendant, Plaintiffs shall amend this table to include appropriate rates of pay and hours worked during the relevant liability period.

29. Plaintiffs and their FLSA Collectives were responsible for activities related to COVID-19, including testing and vaccinations at sites throughout the state of Florida.

30. Plaintiffs and their FLSA Collectives are non-exempt employees of Defendants and entitled to overtime compensation in accordance with the provisions of the FLSA.

31. Consistent with Defendants' policies and patterns of practice, Plaintiffs were not paid overtime at a rate of time and one half for all hours worked in excess of forty (40) for each work week.

32. All of the work that Plaintiffs have performed has been assigned by Defendants, and/or Defendants has been aware of all of the work that Plaintiffs have performed.

33. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs.

## COUNT I
## UNPAID OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. §207
## AS AGAINST NOMI HEALTH, INC.

34. Plaintiffs repeat and re-allege each of the paragraphs above, as though fully set forth herein.

35. Plaintiffs bring this action to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendant under the provisions of the FLSA.

36. Plaintiffs and their FLSA Collectives were covered, non-exempt employees entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

37. Plaintiffs and their FLSA Collectives worked in excess of forty (40) hours per week while employed with the Defendant.

38. Defendant failed to compensate Plaintiffs and their FLSA Collectives up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

39. Defendant's failure to properly compensate Plaintiffs and their FLSA Collectives is in

violation of the Fair Labor Standards Act, 29 U.S.C. §207.

40. Defendant's failure to pay Plaintiffs and their FLSA Collectives overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

41. As a direct and proximate result of the Defendant's actions, Plaintiffs and their FLSA Collectives have obtained counsel to represent them in this action and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs and their FLSA Collectives are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

42. As a direct and proximate result of the Defendant's actions, Plaintiffs and their FLSA Collectives have suffered damages.

43. As a result of Defendant's conduct, Plaintiffs and their FLSA Collectives are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

**WHEREFORE**, Plaintiffs, respectfully requests this Court enter judgment against Defendant NOMI HEALTH INC., for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, attorneys' fees and costs pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

### COUNT II
### UNPAID OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. §207
### AS AGAINST SBP STAFFING AND RECRUITING LLC

44. Plaintiffs repeat and re-allege each of the paragraphs above, as though fully set forth herein.

45. Plaintiffs bring this action to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendant under the provisions of the FLSA.

46. Plaintiffs and their FLSA Collectives were covered, non-exempt employees entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

47. Plaintiffs and their FLSA Collectives worked in excess of forty (40) hours per week while employed with the Defendant.

48. Defendant failed to compensate Plaintiffs and their FLSA Collectives up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

49. Defendant's failure to properly compensate Plaintiffs and their FLSA Collectives is in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

50. Defendant's failure to pay Plaintiffs and their FLSA Collectives overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

51. As a direct and proximate result of the Defendant's actions, Plaintiffs and their FLSA Collectives have obtained counsel to represent them in this action and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs and their FLSA Collectives are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

52. As a direct and proximate result of the Defendant's actions, Plaintiffs and their FLSA Collectives have suffered damages.

53. As a result of Defendant's conduct, Plaintiffs and their FLSA Collectives are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

  **WHEREFORE**, Plaintiffs, respectfully requests this Court enter judgment against Defendant SBP STAFFING AND RECRUITING LLC, for compensatory damages (unpaid

overtime), liquidated damages (double damages), interest, attorneys' fees and costs pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all matters so triable.

Respectfully submitted this 16th day of December 2022.

                                                    s/Gabriel T. Roberts  
                                                  Gabriel "Gabe" T. Roberts, Esq.  
Florida Bar No. 1018435  
Primary e-mail: GRoberts@scottlawteam.com  
Cathleen Scott, Esq.  
Florida Bar Number 135331  
Primary e-mail: CScott@scottlawteam.com  
Secondary e-mail: mail@scottlawteam.com  
Secondary e-mail: mail@scottlawteam.com  
SCOTT LAW TEAM, LLC  
Jupiter Gardens  
250 South Central Boulevard  
Suite 104-A  
Jupiter, FL 33458  
Telephone: (561) 653-0008  
Facsimile: (561) 653-0020  
Secondary Address: 101 Northpoint Parkway  
West Palm Beach, FL 33407  
www.ScottLawTeam.com

                                                    s/Andrew Obeidy  
Andrew Obeidy, Esq.  
Florida Bar No. 910341  
Email: andrew@obdlegal.com  
Obeidy & Associates, P.A.  
2755 E. Oakland Park Boulevard  
Suite 225  
Fort Lauderdale, FL 33306  
Telephone: (305)892-5454  
Facsimile: (954)206-6955