UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:22-cv-24089-MARTINEZ-BECERRA

TASMA BRIGHTHAUPT, DELORIS EVANS, JOSEPH HAYES, CONSUELA JONES, ODIN MARTINEZ, VERONICA MEJIA,

    Plaintiffs,

v.

NOMI HEALTH, INC, a Delaware Corporation, and SBP STAFFING AND RECRUITING LLC, a Florida Corporation,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**I.    INTRODUCTION**

Throughout their Complaint, Plaintiffs generally allege that they were "all employees[ who] were misclassified as independent contractors" and that Defendants Nomi Health, Inc. ("Nomi") and SBP Staffing and Recruiting LLC ("SBP") (collectively, "Defendants") may be held liable as their "[j]oint [e]mployers." (Dkt. 1 ¶¶ 3, 19.) But those allegations—without more—fail to sustain a plausible claim under the Fair Labor Standards Act of 1938 ("FLSA") in at least three critical respects. First, despite Plaintiffs' conclusory assertions that they are statutory *employees* under the FLSA, they have pled not pled sufficient facts in support of that claim. Second, by repeatedly referring to "Defendants" collectively, and incorporating all of the purported "factual" allegations into each Count (and against each Defendant), Plaintiffs' Complaint is the sort of shotgun pleading that this Court has consistently found to be impermissible. Third, Plaintiff has also failed to plead any facts to establish whether, or how,

Defendants jointly employed each individual, as a matter of law.

Rule 8 requires more than the threadbare legal conclusions Plaintiffs pled in their Complaint. For that reason, as will be discussed in greater detail below, Plaintiffs' claims must be dismissed for failure to state a claim under Rule 12(b)(6).

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face." That is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Mere "legal conclusions" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680.

## III. DISCUSSION

In order to state a *prima facie* claim for failure to pay overtime under the FLSA, an employee must demonstrate: (i) an employment relationship; (ii) that the employer engaged in interstate commerce; and (iii) that the employee worked over forty hours per week but was not paid overtime wages. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Therefore, a plaintiff can only assert a claim under the FLSA if she qualifies as an "employee" under the statute, and if her claims are asserted against an "employer." *See, e.g.*, *Nieman v. National Claims Adjusters, Inc.*, 775 Fed. Appx. 622, 624 (11th Cir. 2019) ("The protections of the FLSA extend only to 'employees.' . . . The FLSA does not cover 'independent contractors.'"); 29 U.S.C. 203(d)–(e) (defining "employer" and "employee").

Plaintiffs fail on both fronts. First, Plaintiffs failed to plead facts supporting a plausible inference that they are employees under the FLSA, as a matter of law. Second, Plaintiffs also failed to plead facts permitting a plausible inference that each Defendant was a joint employer of any Plaintiff under the FLSA.

**A.     Plaintiffs Fail to Plead Facts Permitting an Inference That They Were "Employees" Under the FLSA.**

As an initial matter, Plaintiffs failed to state a claim for violation of the FLSA's overtime provision because they failed to plead any allegations to support that they were each statutory "employees," as defined under the FLSA. Historically, courts in the Eleventh Circuit have applied a six-factor economic-realities test to assess whether an individual is an "employee" that is covered under the FLSA, or an independent contractor that is not covered under the FLSA. *Herrera v. Mattress Firm, Inc.*, No. 17-22048-CIV, 2017 WL 4270619, at *7 (S.D. Fla. Sept. 26, 2017). That test looks to:

(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
(3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
(4) whether the service rendered requires a special skill;
(5) the degree of permanency and duration of the working relationship; [and]
(6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Id.*

More recently, however, the U.S. Department of Labor—after a notice-and-comment period—enacted a rule defining independent contractor status under the FLSA.[1] *See Independent*

---

[1] Although the DOL subsequently attempted to withdraw the rule, that attempt was invalidated by a federal court, and the rule was thus effective as of March 8, 2021. *See Coalition for Workforce Innovation v. Walsh*, No. 1:21-CV-1302022-MAC, 2022 WL 1073346 (E.D. Tex. Mar. 14, 2022).

3

*Contractor Status Under the Fair Labor Standards Act*, 86 Fed. Reg. 1168 (Jan. 7, 2021). Under the rule, courts first look to two core factors: "(i) [t]he nature and degree of control over the work" and "(ii) [t]he individual's opportunity for profit or loss." *Id.* at 1246–47. When those factors tilt toward the same classification, that is generally the correct classification for the worker. *Id.* at 1246. When the factors tilt in opposite directions, a court should then look to "(i) [t]he amount of skill required for the work[;] . . . (ii) [t]he degree of permanence of the working relationship between the individual and the potential employer[; and] . . . (iii) [w]hether the work is part of an integrated unit of production." *Id.* at 1247.

For present purposes, the Court need not decide which standard governs the analysis because Plaintiffs failed to plead sufficient facts under *either* test. Instead, Plaintiffs repeatedly make the conclusory assertion that they were "all employees [who] were misclassified as independent contractors by Defendants," along with similarly unadorned assertions of "employment" or "employee" status. (*See, e.g.*, Dkt. 1 ¶¶ 1, 3, 7–11, 13–15, 19, 25–26, 28, 30, 36–37, 46–47.) But such threadbare claims that one is an employee—without sufficient facts plausibly supporting that legal conclusion—is insufficient to survive a motion to dismiss. *See, e.g.*, *Davison v. Dos Amigos Taqueria LLC*, No. 12-62515-CIV-DIMITROULEAS, 2013 WL 12131317, at *2 (S.D. Fla. June 20, 2013) (granting a motion to dismiss and holding that "Plaintiffs' legal conclusion that [the defendant] was an employer of Plaintiffs under the FLSA and thus liable for the alleged FLSA violations" was "too vague and unsupported" to establish liability because it was "a mere recitation of the statutory language"); *Derolf v. Risinger Bros. Transfer, Inc.*, 259 F. Supp. 3d 876, 879 (C.D. Ill. 2017) ("It is not sufficient to simply say one is an employee; indeed, mere labels and formulaic language are not enough to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).").

Despite Plaintiffs being required to plead sufficient facts under one of the multi-factor tests outlined previously, the only factor arguably addressed in the Complaint is permanence, insofar as Plaintiffs allege the dates on which they allege to have performed services for Defendants (Dkt. 1 ¶ 28.) That factor is neither independently sufficient to establish employee status, *see Buzzell v. Fla. Keys Ambulance Serv., Inc.*, No. 4:19-cv-10190-JLK, 2022 WL 21169 at *2 (S.D. Fla. June 13, 2022) ("No single factor is dispositive . . . ."), nor does it even weigh towards employee status for each of the named Plaintiffs under the facts alleged. *See e.g.*, Dkt. 1 ¶ 28 (alleging that 4 of the 6 named plaintiffs worked for less than a year). Plaintiffs make no allegations as to control, opportunities for profit or loss, investment in equipment or materials, skill, or integrality, and thus have not pled facts that permit a plausible conclusion that any individual Plaintiff was an employee (nor that they were all, collectively, employees), as a matter of law. Because Plaintiffs have not pled the requisite facts, they fail to state plausible claims for overtime violations under the FLSA, and those claims must therefore be dismissed. *See, e.g.*, *Luxama v. Ironbound Express, Inc.*, No. 11-2224 (ES), 2013 WL 3286081, at *3–8 (D.N.J. June 27, 2013) (granting a motion to dismiss when Plaintiff failed to plead adequate facts to suggest employment under the economic reality factors); *Derolf*, 259 F. Supp. 3d at 879–84 (same).

B.     **Plaintiffs' Complaint Is an Impermissible Shotgun Pleading.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides that each claim must be "limited as far as practicable to a single set of circumstances." A complaint that fails to comply with these rules, or one that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading" constitutes a "shotgun pleading." *Lampkin-Asam v. Volusia Cty. School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). Typically, shotgun pleadings are characterized by: (1) multiple

counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; (3) a failure to separate each cause of action into distinct counts; or (4) a combination of multiple claims against multiple defendants without specifying which defendant is responsible for which act. *McDonough v. Homestead*, 771 Fed. App'x 952, 955 (11th Cir. 2019).

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Shotgun pleadings require the court (and opposing counsel) to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Accordingly, the Eleventh Circuit has determined that a shotgun pleading is not an acceptable form of establishing a claim for relief. *See*, *e.g.*, *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 n.2 (11th Cir. 2014) (citing twenty-one published opinions condemning shotgun pleadings); *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) ("This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay.").

Here, Plaintiffs' Complaint is an impermissible shotgun pleading in at least two respects. First, Plaintiffs commit the "mortal sin" of including "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Bach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also* (Dkt. 1 ¶¶ 34, 44) ("repeat[ing] and re-

alleg[ing] each of the paragraphs above" in each count). Second, Plaintiffs commit the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which act or omissions." *Weiland*, 792 F.3d at 1323. Indeed, although Plaintiffs purport to pursue counts against each Defendant separately, *every* factual allegation in *each* count refers to "Defendants" collectively, without specifying what each Defendant allegedly did individually. Based on these pleading deficiencies alone, this Court should dismiss Plaintiffs' Complaint.

    **C.**    **Plaintiffs' Complaint Fails to Plead Adequate Facts to Suggest that Defendants Jointly Employed Them Under the FLSA.**

Even if Plaintiffs' shotgun-pleading problem were ignored (and it should not be), their Complaint remains deficient because the threadbare conclusory allegations they have alleged—in shotgun fashion—still fail to support the conclusion that Defendants jointly employed them.

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An entity "employs" a person under the FLSA if it "suffer[s] or permit[s]" the individual to work. *Id.* § 203(g). To determine whether an alleged employer "suffer[s] or permit[s]" an individual to work, a court must ask "if, as a matter of economic reality, the individual is dependent on the entity." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). In determining whether a defendant qualifies as a joint employer as a matter of law, courts look to the alleged joint employer's (1) nature and degree of control over the plaintiff; (2) supervision, direct or indirect, of the plaintiff's work; (3) right, directly or indirectly, to hire, fire, or modify employment conditions; (4) power to set pay rates or methods; (5) preparation of payroll and payment of the plaintiff's wages; (6) ownership of the facilities where the work occurred; (7) nature of the business, including whether the plaintiff's work is

7

integral to it; and (8) relative investment in equipment and facilities. *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1178–81 (11th Cir. 2012).

Here, Plaintiffs' Complaint is completely devoid of any facts to support the claim that they were jointly employed by Defendants. Indeed, Plaintiffs' Complaint relies solely upon conclusory legal statements (or otherwise legally irrelevant statements) that (i) "Plaintiffs . . . were employed by Defendants"; (ii) "Defendants improperly classified Plaintiffs"; (iii) "Plaintiffs . . . consistently worked in excess of 40 hours"; (iv) "Plaintiffs . . . are non-exempt employees of Defendants"; (v) "Defendants[ had] policies and patterns of practices . . . [of not paying] overtime"; (vi) "[a]ll of the work that Plaintiffs have performed has been assigned by Defendants"; and (vii) "Defendants intentionally, willfully, and repeatedly engaged in a patterns, practice, and/or policy of violating the FLSA." (Dkt. 1 ¶¶ 25–33.) Because Plaintiffs' Complaint relies solely on insufficient and conclusory allegations regarding Defendants' status as joint employers, Plaintiffs have failed to adequately plead their claims, and Defendants respectfully request that their Complaint be dismissed. *See*, *e.g.*, *Morales v. Air Pros Blue Star, LLC*, No. 1:20-CV-21992-UU, 2020 WL 13389313, at *4 (S.D. Fla. Nov. 12, 2020) (granting defendants' motion to dismiss where plaintiffs failed to plead any facts supporting "the Eleventh Circuit's criteria for determining joint employer status"); *see also*, *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 945–46 (N.D. Cal. 2019) (dismissing FLSA claims in part due to the lack of allegations in support of joint employment factors); *Steier v. Highland Operating Co.*, No. 4:16-CV-3184-RGK, 2017 WL 384295 (D. Neb. 2017) (dismissing FLSA claims where plaintiffs complaint did not "include facts describing the 'economic reality' of the plaintiff's employment"); *Attanasio v. Community Health Sys., Inc.*, 863 F. Supp. 2d 417, 425 (M.D. Penn. 2012) (dismissing FLSA claims where plaintiffs pleadings were "boilerplate" and "omit[ed] particularized assertions explaining the specific role" an alleged parent

corporation played in regard to the plaintiffs); *Al-Quraan v. 4115 8th St. NW, LLC*, 113 F. Supp. 3d 367, 370 (D.D.C. 2015) (dismissing FLSA claims where there were no allegations related to purported employer's involvement in managing employee work schedules or conditions of employment, maintaining employment records, or firing/hiring power); *Jones v. Am. Airlines, Inc.*, No. 5:08-CV-236-BR, 2008 WL 9411160 (E.D.N.C. 2008) (dismissing FLSA claims where plaintiffs failed to sufficiently allege facts indicating a defendant was their joint employer).

### IV. CONCLUSION

For the reasons articulated above, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) due to its shotgun nature and inadequate allegations concerning employment and joint employment.

Respectfully submitted this 11th day of January 2023.

By: */s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant Nomi Health, Inc.*

**GRAYROBINSON, P.A.**

*/s/ Fabian A. Ruiz*
Marlene Quintana, B.C.S.
Florida Bar No. 88358
marlene.quintana@gray-robinson.com
Fabian A. Ruiz
Florida Bar No. 117928
fabian.ruiz@gray-robinson.com

333 SE 2nd Avenue, Suite 3200  
Miami, Florida 33131  
Telephone: (305) 416-6880  
Facsimile:  (305) 416-6887  

*Attorneys for Defendant SBP*  
*Staffing and Recruiting LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ___s/ *Andrew M. McKinley*___
       *Counsel for Defendant Nomi Health, Inc.*