## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO: 1:22-CV-24089-MARTINEZ/BECERRA

TASMA BRIGHTHAUPT, DELORIS EVANS, NATHALIE GILLES, CONSUELA JONES, ODIN MARTINEZ, SAMANTHA MONDESIR, and VERONICA MEJIA,

      Plaintiffs,

v.

NOMI HEALTH, INC., a Delaware Corporation,

      Defendant.

## DEFENDANT NOMI HEALTH, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Nomi Health, Inc., by and through undersigned counsel, hereby files this Answer to Plaintiffs Tasma Brighthaupt, Deloris Evans, Nathalie Gilles, Consuela Jones, Odin Martinez, Samantha Mondesir, and Veronica Mejia's First Amended Complaint (Dkt. 41). No incidental or implied admissions should be inferred from Defendant's responses. To the extent the allegations within the First Amended Complaint are not expressly admitted below, they are hereby denied.

### COMPLAINT ¶1:

This is an action seeking recovery of unpaid overtime compensation owed to Plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA").

### ANSWER:

Defendant denies the allegations in Paragraph 1.

### COMPLAINT ¶2:

The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216.

**ANSWER:**

Defendant states that Paragraph 2 constitutes a legal conclusion, to which no response is required, and therefore denies the same.

**COMPLAINT ¶3:**

The Plaintiffs, all employees, were misclassified as independent contractors by Defendant. They worked at the Defendant's Covid-19 facilities in the Southern District of Florida. Their primary duties were to perform activities related to COVID-19 such as testing and vaccinations. Plaintiffs, all hourly employees who worked over 40 hours, seek their unpaid overtime compensation. The period at issue is from on or around July 2021 to September 2022. The plaintiffs claim and assert their rights that arose out of their employment relationship with the Defendant for unpaid overtime.

**ANSWER:**

Defendant denies the allegations in Paragraph 3.

**COMPLAINT ¶4:**

Defendant paid each Plaintiff an hourly wage for conducting activities related to COVID-19 such as testing and vaccinations.

**ANSWER:**

Defendant denies the allegations in Paragraph 4.

**COMPLAINT ¶5:**

Defendant set and/or established the work schedule, including hours, location, and job responsibilities, for each Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph 5.

**COMPLAINT ¶6:**

Defendant set the policies and procedures that each Plaintiff was required to follow at work.

**ANSWER:**

Defendant denies the allegations in Paragraph 6.

**COMPLAINT ¶7:**

Plaintiffs utilized the tools, materials, and supplied provided by Defendant at the locations, dates, and times set by Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 7.

**COMPLAINT ¶8:**

Defendant instructed the Plaintiffs on what work to perform and supervised the work that Plaintiffs performed at Defendant's instruction.

**ANSWER:**

Defendant denies the allegations in Paragraph 8.

## PARTIES

**COMPLAINT ¶9:**

Plaintiff Brighthaupt is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Brighthaupt is a covered employee for purposes of the FLSA.

**ANSWER:**

Defendant is without information sufficient to admit or deny the allegations in the first sentence of Paragraph 9, and therefore denies the same. Defendant denies all remaining allegations in Paragraph 9.

**COMPLAINT ¶10:**

Plaintiff Brighthaupt is a Registered Nurse ("RN") who worked for Defendant from on or around July 2021 through August 2022.

**ANSWER:**

Defendant denies the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Defendant Nomi misclassified Plaintiff Brighthaupt as an independent contractor during the period of her employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Based on records provided by staffing company SBP Recruiting and Staffing, Plaintiff Brighthaupt worked approximately 98.30 hours of overtime during the period of her employment. Defendant failed to pay Plaintiff Brighthaupt an overtime premium for each of those overtime hours. Plaintiff Brighthaupt may have worked more hours, which records are in the possession of Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Plaintiff Evans is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Evans is a covered employee for purposes of the FLSA.

**ANSWER:**

Defendant is without information sufficient to admit or deny the allegations in the first sentence of Paragraph 13, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 13.

**COMPLAINT ¶14:**

Plaintiff Evans is a Registered Nurse ("RN") who worked for Defendant from on or around July 2021 through April 2022.

**ANSWER:**

Defendant denies the allegations in Paragraph 14.

**COMPLAINT ¶15:**

Defendant Nomi misclassified Plaintiff Evans as an independent contractor during the period of her employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Based on records provided by staffing company SBP Recruiting and Staffing, Plaintiff Evans worked approximately 503.40 hours of overtime during the period of her employment. Defendant failed to pay Plaintiff Evans an overtime premium for each of those overtime hours. Plaintiff Evans may have worked more hours, which records are in the possession of Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 16.

**COMPLAINT ¶17:**

Plaintiff Gilles is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Gilles is a covered employee for purposes of the FLSA.

**ANSWER:**

Defendant is without information sufficient to admit or deny the allegations in the first sentence of Paragraph 17, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 17.

**COMPLAINT ¶18:**

Plaintiff Gilles is a Medical Assistant ("MA") who worked for Defendant from on or around August 2021 through September 2021.

**ANSWER:**

Defendant denies the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Defendant Nomi misclassified Plaintiff Gilles as an independent contractor during the period of her employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Based on records provided by staffing company SBP Recruiting and Staffing, Plaintiff Gilles worked approximately 14.50 hours of overtime during the period of her employment. Defendant failed to pay Plaintiff Gilles an overtime premium for each of those overtime hours. Plaintiff Gilles may have worked more hours, which records are in the possession of Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 20.

**COMPLAINT ¶21:**

Plaintiff Jones is an individual, over the age of 18, living in Cobb County, Georgia, and is otherwise *sui juris*. Plaintiff Jones is a covered employee for purposes of the FLSA.

**ANSWER:**

Defendant is without information sufficient to admit or deny the allegations in the first sentence of Paragraph 21, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 21.

**COMPLAINT ¶22:**

Plaintiff Jones is a Registered Nurse ("RN") who worked for Defendant from on or around July 2021 through September 2021.

**ANSWER:**

Defendant denies the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Defendant Nomi misclassified Plaintiff Jones as an independent contractor during the period of her employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Based on records provided by staffing company SBP Recruiting and Staffing, Plaintiff Jones worked approximately 50.00 hours of overtime during the period of her employment. Defendant failed to pay Plaintiff Jones an overtime premium for each of those overtime hours. Plaintiff Jones may have worked more hours, which records are in the possession of Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

Plaintiff Mejia is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Mejia is a covered employee for purposes of the FLSA.

**ANSWER:**

Defendant is without information sufficient to admit or deny the allegations in the first sentence of Paragraph 25, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 25.

**COMPLAINT ¶26:**

Plaintiff Mejia is a Registered Nurse ("RN") who worked for Defendant from on or around July 2021 through April 2022.

**ANSWER:**

Defendant denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Defendant Nomi misclassified Plaintiff Mejia as an independent contractor during the period of her employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 27.

**COMPLAINT ¶28:**

Based on records provided by staffing company SBP Recruiting and Staffing, Plaintiff Mejia worked approximately 360.78 hours of overtime during the period of her employment. Defendant failed to pay Plaintiff Mejia an overtime premium for each of those overtime hours. Plaintiff Mejia may have worked more hours, which records are in the possession of Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 28.

**COMPLAINT ¶29:**

Plaintiff Martinez is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Martinez is a covered employee for purposes of the FLSA.

**ANSWER:**

Defendant is without information sufficient to admit or deny the allegations in the first sentence of Paragraph 29, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 29.

**COMPLAINT ¶30:**

Plaintiff Martinez is an Emergency Medical Technician ("EMT") who worked for Defendant from on or around July 2021 through April 2022.

**ANSWER:**

Defendant denies the allegations in Paragraph 30.

**COMPLAINT ¶31:**

Defendant Nomi misclassified Plaintiff Martinez as an independent contractor during the period of his employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

Based on records provided by staffing company SBP Recruiting and Staffing, Plaintiff Martinez worked approximately 961.33 hours of overtime during the period of his employment. Defendant failed to pay Plaintiff Martinez an overtime premium for each of those overtime hours. Plaintiff Martinez may have worked more hours, which records are in the possession of Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

Plaintiff Mondesir is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Mondesir is a covered employee for purposes of the FLSA.

**ANSWER:**

Defendant is without information sufficient to admit or deny the allegations in the first sentence of Paragraph 33, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 33.

**COMPLAINT ¶34:**

Plaintiff Mondesir is a Certified Nursing Assistant ("CNA") who worked for Defendant from on or around March 2021 through January 2022.

**ANSWER:**

Defendant denies the allegations in Paragraph 34.

**COMPLAINT ¶35:**

Defendant Nomi misclassified Plaintiff Mondesir as an independent contractor during the period of his employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 35.

**COMPLAINT ¶36:**

Without the benefit of her wage and hour records, which are in the possession of Defendant, Plaintiff Mondesir is unable to make an exact estimate of the total hours of overtime she worked for Defendant. Defendant failed to pay Plaintiff Martinez an overtime premium when she did work overtime hours.

**ANSWER:**

Defendant denies the allegations in Paragraph 36.

**COMPLAINT ¶37:**

At all times material hereto, Defendant Nomi Health, Inc. is and was a national company, authorized to do business and doing business in the state of Florida, with its offices located in the county of Palm Beach County, Florida and otherwise *sui juris*.

**ANSWER:**

Defendant denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Defendant Nomi Health, Inc. was a joint employer of Plaintiffs with staffing companies including SBP Staffing and Recruiting and others within the meaning of 29 CFR §791.2.

**ANSWER:**

Defendant denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Defendant is jointly and severally liable for all overtime wages, liquidated damages, attorneys' fees, and costs that Plaintiffs are owed as Nomi Health, Inc. shared a workforce with SBP Staffing and Recruiting and others with a common purpose and unified nucleus of control.

**ANSWER:**

Defendant denies the allegations in Paragraph 39.

**COMPLAINT ¶40:**

Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collectives at a rate of time and one half for each hour worked in excess of forty (40) in a workweek.

**ANSWER:**

Defendant denies the allegations in Paragraph 40.

## JURISDICTION AND VENUE

**COMPLAINT ¶41:**

Jurisdiction in this Court is proper as Plaintiffs' claims are brought pursuant to the FLSA to recover back wages, liquidated damages, interest, reasonable attorney's fees, and costs. Jurisdiction over this action is founded upon 29 U.S.C. §216 (b), FLSA.

**ANSWER:**

Defendant states that Paragraph 41 constitutes a legal conclusion, to which no response is required, and therefore denies the same.

**COMPLAINT ¶42:**

Defendant is engaged in activities that relate to and involve interstate commerce such as utilizing computers, telephones, medical equipment, office equipment, and other materials and supplies to engage in interstate commerce.

**ANSWER:**

Defendant states that Paragraph 42 constitutes a legal conclusion, to which no response is required, and therefore denies the same.

**COMPLAINT ¶43:**

Defendant further engaged in interstate commerce through its submission of billings and receipts of payments from out-of-state payors and insurers.

**ANSWER:**

Defendant states that Paragraph 43 constitutes a legal conclusion, to which no response is required, and therefore denies the same.

**COMPLAINT ¶44:**

At all times material hereto, Defendant had annual gross sales in an amount not less than $500,000.00 each. Therefore, Defendant was an enterprise "engaged in commerce" as defined by § 203 (r) and (s) of the FLSA.

**ANSWER:**

Defendant states that the phrase "at all times material hereto" is vague, ambiguous, and unintelligible, an denies the first sentence of Paragraph 44 for that reason. Defendant states that the remaining allegations in Paragraph 44 constitute a legal conclusion, to which no response is required, and therefore denies the same.

**COMPLAINT ¶45:**

The acts and omissions that give rise to this action occurred within Miami-Dade and Broward Counties, Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b).

**ANSWER:**

Defendant denies the allegations in Paragraph 45.

**COMPLAINT ¶46:**

All conditions precedent to bringing this action have occurred, been performed, or been excused.

**ANSWER:**

Defendant states that Paragraph 46 constitutes a legal conclusion, to which no response is required, and therefore denies the same. Defendant further expressly denies that any condition precedent has been excused.

## GENERAL ALLEGATIONS

**COMPLAINT ¶47:**

As set out above, at all times material hereto, Plaintiffs were employed by Defendant receiving an hourly wage as compensation.

**ANSWER:**

Defendant denies the allegations in Paragraph 47.

**COMPLAINT ¶48:**

Defendant improperly classified Plaintiffs as independent contractors.

**ANSWER:**

Defendant denies the allegations in Paragraph 48.

**COMPLAINT ¶49:**

Plaintiffs consistently worked in excess of 40 hours in a given workweek without being compensated at a time-and-a-half rate.

**ANSWER:**

Defendant denies the allegations in Paragraph 49.

**COMPLAINT ¶50:**

Plaintiffs were responsible for activities related to COVID-19, including testing and vaccinations at sites throughout the state of Florida.

**ANSWER:**

Defendant denies the allegations in Paragraph 50.

**COMPLAINT ¶51:**

Plaintiffs were non-exempt employees of Defendant and entitled to overtime compensation in accordance with the provisions of the FLSA.

**ANSWER:**

Defendant denies the allegations in Paragraph 51.

**COMPLAINT ¶52:**

Consistent with Defendant's policies and patterns of practice, Plaintiffs were not paid overtime at a rate of time and one half for all hours worked in excess of forty (40) for each work week.

**ANSWER:**

Defendant denies the allegations in Paragraph 52.

**COMPLAINT ¶53:**

As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs.

**ANSWER:**

Defendant denies the allegations in Paragraph 53.

## COUNT I
## UNPAID OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. § 207
## AS AGAINST NOMI HEALTH, INC.

**COMPLAINT ¶54:**

Plaintiffs repeat and re-allege Paragraphs 1 through 53 as though fully set forth herein.

**ANSWER:**

Defendant incorporates its responses to Paragraphs 1 through 53.

**COMPLAINT ¶55:**

Plaintiffs bring this action to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendant under the provisions of the FLSA.

**ANSWER:**

Defendant denies the allegations in Paragraph 55.

**COMPLAINT ¶56:**

Plaintiffs were covered, non-exempt employees entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

**ANSWER:**

Defendant denies the allegations in Paragraph 56.

**COMPLAINT ¶57:**

Plaintiffs worked in excess of forty (40) hours per week while employed with the Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Defendant failed to compensate Plaintiffs and their FLSA Collectives up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

**ANSWER:**

Defendant states that Paragraph 58 is vague, ambiguous, and unintelligible, insofar as it fails to define "FLSA Collectives," and denies Paragraph 58 to that extent. Defendant denies any remaining allegations in Paragraph 58.

**COMPLAINT ¶59:**

Defendant's failure to properly compensate Plaintiffs is in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:**

Defendant denies the allegations in Paragraph 59.

**COMPLAINT ¶60:**

Defendant's failure to pay Plaintiffs overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

**ANSWER:**

Defendant denies the allegations in Paragraph 60.

**COMPLAINT ¶61:**

As a direct and proximate result of the Defendant's actions, Plaintiffs have obtained counsel to represent them in this action and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

**ANSWER:**

Defendant denies the allegations in Paragraph 61.

**COMPLAINT ¶62:**

As a direct and proximate result of the Defendant's actions, Plaintiffs have suffered damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 62.

**COMPLAINT ¶63:**

As a result of Defendant's conduct, Plaintiffs are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

**ANSWER:**

Defendant denies the allegations in Paragraph 63.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, respectfully requests this Court enter judgment against Defendant NOMI HEALTH INC., for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, attorneys' fees, and costs pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

**ANSWER:**

Defendant denies any factual allegations in Plaintiffs' untitled prayer for relief, and further denies that Plaintiffs are entitled to any relief whatsoever.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all matters so triable.

**ANSWER:**

Defendant denies that Plaintiffs have any entitlement to a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiffs' First Amended Complaint, Defendant asserts the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims fail as a matter of law because Defendant did not employ them, either directly or jointly, in whole or in part, with respect to the claims asserted in the First Amended Complaint.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they may fall outside of the applicable statutes of limitations.

## FOURTH DEFENSE

The claims of Plaintiffs are barred because any recovery would result in the unjust enrichment of Plaintiffs.

## FIFTH DEFENSE

Defendant states, in the alternative, if necessary, that its and the actions of any other entity taking any relevant action with respect to Plaintiffs were taken in good faith conformity with and

in reliance on one or more administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practices or policies pursuant to 29 U.S.C. § 259.

### SIXTH DEFENSE

Defendant's actions with respect to Plaintiffs were taken in good faith with reasonable grounds to believe such conduct comported with the law. Plaintiffs are therefore not entitled to liquidated damages.

### SEVENTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, to the extent the doctrines of res judicata and/or collateral estoppel apply.

### EIGHTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, to the extent the doctrine of accord and satisfaction applies.

### NINTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, to the extent the doctrines of payment and release, or settlement and release, apply. Similarly, to the extent Plaintiffs have received any settlement payments from any other entity relating to their claimed entitlement to overtime, their claim for damages from Defendant must be reduced accordingly.

### TENTH DEFENSE

The claims of Plaintiffs are barred, in whole or in part, to the extent the doctrine of waiver applies.

### ELEVENTH DEFENSE

Defendant states that, in the alternative, if necessary, Plaintiffs received full payment for all work performed, thereby barring her claims; alternatively, Defendant is entitled to an offset of

any amount of damages claimed by Plaintiffs based on compensation previously paid by any Defendant (or any other entity) for any hours when he was not performing work, for any overpayment, for premiums paid, for settlement payments received, for any other compensation he would not have received if her allegations are proven to be true, or on any other basis for an offset.

**TWELFTH DEFENSE**

Defendant states that, in the alternative, if necessary, the claims of Plaintiffs are barred to the extent the allegedly uncompensated time is *de minimis*.

**THIRTEENTH DEFENSE**

Defendant states that, in the alternative, if necessary, if it has failed to pay individuals for any of the activities alleged, the claims of Plaintiffs are barred to the extent such activities do not constitute compensable work under the FLSA.

**FOURTEENTH DEFENSE**

Defendant states that, in the alternative, if necessary, the claims of Plaintiffs are barred, in whole or in part, to the extent the time at issue represents preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 251(a), and is, therefore, not compensable.

**FIFTEENTH DEFENSE**

To the extent Plaintiffs were paid for hours worked in excess of 40 hours in a week, their overtime claims are barred and Defendant is entitled to a credit relating to the same.

**SIXTEENTH DEFENSE**

To the extent Defendant subsequently learns that any Plaintiff entered into an arbitration agreement covering or enforceable with respect to the claims asserted in this matter, such Plaintiff's claims are barred in this forum.

**SEVENTEENTH DEFENSE**

The claims of Plaintiffs are barred by the doctrine of judicial estoppel to the extent that Plaintiffs' claims were not properly disclosed during a bankruptcy proceeding.

**EIGHTEENTH DEFENSE**

Plaintiffs lacks standing to pursue any claims that were not properly disclosed in a bankruptcy proceeding.

**PRAYER**

Defendant prays that Plaintiffs' First Amended Complaint be dismissed; that Defendant be awarded its costs in this matter, including, but not limited to, reasonable attorneys' fees as permitted by law; and that Defendant be granted such other and further relief to which it may be entitled.

Respectfully submitted this 29th day of June 2023.

SEYFARTH SHAW LLP

By: */s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone:  (404) 885-1500
Facsimile:   (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant Nomi Health, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2023, the foregoing document was filed via CM/ECF, which served a copy of the same on all counsel of record.

>  */s/ Andrew M. McKinley*
>  Andrew M. McKinley

20